UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BARRY RANDOLPH, et al.,

    Plaintiffs,

v.   Case No. 3:16cv231-MCR/CJK

SOLUTIA, INC.,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on plaintiffs' complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). Upon review of the complaint, the undersigned concludes this case should be dismissed for lack of jurisdiction under the *Rooker-Feldman*[1] doctrine.

BACKGROUND

In 2003 plaintiffs filed a lawsuit in state court against Solutia, Inc., ("Solutia") after plaintiff Barry Randolph was struck by a truck owned and/or operated by Solutia. (Doc. 1, p. 9, 11). The state court granted summary judgment in Solutia's favor on April 26, 2015. (*Id.*, p. 9). Florida's First District Court of Appeal affirmed

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 1311-15, 75 L. Ed. 2d 206 (1983).

the trial court's decision on March 7, 2016, (*id.*, p. 13, 30-31) and later denied plaintiffs' request for reconsideration. (*Id.*, p. 13, 32). Plaintiffs filed an appeal with the Supreme Court of Florida but the court found it lacked jurisdiction to hear the appeal and dismissed the case. (*Id.*, p. 9, 33). Thereafter, plaintiffs filed this action in federal court, asking the court to "review the findings of the Florida Supreme Court," and characterizing this as "a direct appeal of the lower court determination to grant Summary Judgment to the defendant/Appellee's Solutia Inc." (*Id.*, p. 4, 9). Plaintiffs request that this court vacate the grant of summary judgment and remand the case to state court for further proceedings because: (1) Solutia's attorney was not licensed to practice law in Florida; (2) plaintiffs were unrepresented at the time summary judgment was granted and were not afforded sufficient time to retain counsel; (3) a factual dispute exists concerning whether Solutia received certain discovery materials; and (4) Solutia failed to file a timely response to the complaint. (*Id.*, p. 14-28). In the "Statement of Claims" section of the present complaint, plaintiffs wrote: "Violation of 14th Amendment where counsel should have been given to pro-se plaintiff wherein plaintiff is not a lawyer and summary judgment was at issue." (*Id.*, p. 34).

## DISCUSSION

The *Rooker-Feldman* doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."

*Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (*quoting Lance v. Dennis*, 546 U.S. 459, 463, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006)); *see also Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." "It applies when the issues presented to the district court are 'inextricably intertwined with the state court judgment.'" *Jones v. Alabama*, — F. App'x —, 2016 WL 805568 (11th Cir. 2016) (*quoting Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1262 (11th Cir. 2012)). An issue is "inextricably intertwined" when "(1) the success of the federal claim would effectively nullify the state court judgment" or "(2) the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Alvarez*, 679 F.3d at 1262-63 (quotations omitted). The doctrine, however, does not apply when a party did not have a reasonable opportunity to raise the federal claim in state proceedings. *Casale*, 558 F.3d at 1260.

Case No. 3:16cv231-MCR/CJK

The only federal claim raised in the complaint suggests plaintiffs' Fourteenth Amendment due process rights were violated when the state court granted Solutia's motion for summary judgment without appointing counsel for the plaintiffs or providing them with the opportunity to retain counsel.[2] (Doc. 1, p. 16). Success on the federal claim (or on any of the claims raised in the complaint) requires this court to conclude Florida's courts "wrongly decided the issues." Moreover, there is no indication plaintiffs did not have a reasonable opportunity to raise their claims in state court. *See Powell v. Powell*, 80 F.3d 464, 466 (11th Cir. 1996) ("The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are 'inextricably intertwined' with the state court's judgment."). Because plaintiffs are seeking to nullify a state court judgment, the *Rooker-Feldman* doctrine requires the dismissal of this action for lack of jurisdiction.[3]

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED for lack of jurisdiction.

2. That the clerk be directed to close the file.

---

[2] The undersigned notes "[a] plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).

[3] Plaintiffs appealed the state trial court's judgment to both the First District Court of Appeal and the Supreme Court of Florida, which confirms the judgment is final for purposes of applying *Rooker-Feldman*. *Cf. Nicholson*, 558 F.3d at 1279 ("state proceedings have not ended for purposes of *Rooker-Feldman* when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action").

Case No. 3:16cv231-MCR/CJK

At Pensacola, Florida, this 31st day of May, 2016.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:16cv231-MCR/CJK